Case No. 8:19-cv-00157-JLS-KES     Date: May 02, 2019
Title: Christopher Stiren v. Lowes Home Centers, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero/Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                           Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12) AND DISMISSING DEFENDANT BILL DOVER**

Before the Court is a Motion to Remand brought by Plaintiff Christopher Stiren. (Mot., Doc. 12.) Defendant Lowe's Home Centers, LLC ("LHC") opposed. (Opp., Doc. 18.) Plaintiff did not reply. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for **May 3, 2019, at 10:30 a.m., is removed from the calendar**. For the reasons given below, the Court DENIES Plaintiff's Motion.

I.     **Background**

On April 7, 2016, Plaintiff was struck by a pallet that fell from a shelf at one of LHC's stores in San Clemente, California. (Compl., Doc. 1-1 ¶ 8.) Plaintiff sustained injuries from the incident. (*Id*.) On March 29, 2018, Plaintiff filed this lawsuit in Orange County Superior Court against LHC, PCG San Clemente LP ("PCG"), and multiple Doe Defendants. (*Id*. at 1.) The Complaint brings state-law causes of action for negligence and *res ipsa loquitor* negligence. (*Id*. ¶¶ 10-25.) Plaintiff alleges that he and PCG are California citizens. (*Id*. ¶¶ 4, 6.) LHC represents that it is a North Carolina citizen. (Notice of Removal, Doc. 1 ¶ 14.) On July 31, 2018, Plaintiff voluntarily dismissed PCG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00157-JLS-KES　　　　　　　　　　　　　　　　Date: May 02, 2019
Title: Christopher Stiren v. Lowes Home Centers, LLC et al.

from the suit. (PCG Dismissal, Doc. 1-3.) That same day, Plaintiff amended his Complaint to identify Bill Dover as a Defendant. (True Name Form, Doc. 1-4.)

On October 31, 2018, in response to LHC's interrogatory regarding the scope of Plaintiff's injuries, Plaintiff identified the following injuries: "Extreme neck and back pain, kyphosis, compression fractures of T3, T4, and T7 [vertebrae], epidural hemorrhage, traumatic thoracic facet arthrosis, and moderate foraminal narrowing at T7-T8 and T8-T9[;] [f]racture of the right foot." (Pltf's Resp. to Inter. No. 6.2, Doc 18-3.) Plaintiff also provided LHC with pertinent medical records, including an MRI report cataloging Plaintiff's injuries. (Med. Recs., Ex. 3 to Dickson Decl., Doc. 12-1.) On January 4, 2019, Plaintiff mailed LHC a statement of damages indicating that Plaintiff was seeking more than $465,000. (Statement of Damages, Ex. 4 to Dickson Decl.) LHC's counsel attests that LHC received the statement of damages on January 8, 2019. (Backlar Decl., Doc. 18 ¶ 7.) On January 7, 2019, the state court granted LHC's *ex parte* application to postpone the trial date. (Ruling, Ex. 5 to Dickson Decl.)

LHC removed the action to this Court on January 25, 2019. (NOR.) The Notice of Removal asserts federal diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (*Id.* ¶ 1.) The Notice of Removal asserts that (1) removal is timely because Plaintiff's statement of damages was the first "paper" by which LHC could ascertain that the amount in controversy exceeds $75,000 and (2) to the extent Dover is a citizen of California, his citizenship should be disregarded for diversity jurisdiction purposes because he is fraudulently joined to the action. (NOR ¶¶ 15-21.) Plaintiff now moves to remand the case to state court. (Mot.) Plaintiff disputes the timeliness of removal and complete diversity of the parties, as well as contending that LHC waived its right to remove this action by substantially participating in the state court litigation. (*Id.* at 1-3.)

## II.　　Legal Standards

### A.　　Timeliness

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00157-JLS-KES                                            Date: May 02, 2019
Title: Christopher Stiren v. Lowes Home Centers, LLC et al.

*See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

### B. Fraudulent Joinder

"Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), 'one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1043 (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00157-JLS-KES                                                   Date: May 02, 2019
Title: Christopher Stiren v. Lowes Home Centers, LLC et al.

of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). That is, a fraudulently joined "sham" "defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067.

      "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). The Court's assessment of "disputed questions of fact" may look to the factual record beyond the pleadings. *Morris*, 236 F.3d at 1067; *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 F.2d at 1339 ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Plaintiff's evidentiary burden is low, however; "[t]he Court will not entertain what amounts to a motion for summary judgment guised as a question of removability." *Flores v. ABM Industry Groups, LLC*, 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018). Rather, the plaintiff need only show that there are some facts—even if disputed—that support a conceivable legal theory of liability against the non-diverse defendant. *Id.*; *Ritchey*, 139 F.3d at 1318 (noting that the key inquiry is "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants . . . [and not] an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action").

### C.     Waiver

"Even where removal is proper, a defendant 'may waive the right to removal where, after it is apparent that the case is removable, the defendant takes action in state court that manifests his or her intent to have the matter adjudicated there, and to abandon

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00157-JLS-KES                               Date: May 02, 2019
Title: Christopher Stiren v. Lowes Home Centers, LLC et al.
_____

his or her right to a federal forum.'" *Thompson v. Target Corp.*, 2016 WL 4119937, at *10 (C.D. Cal. Aug. 2, 2016) (quoting *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)); *see also Soliman v. CVS RX Servs.*, Inc., 570 F. App'x 710, 712 (9th Cir. 2014) ("[Defendant] did not waive its right to remove through its appearances in state court, as those appearances were before it became apparent that the case was removable.") "A waiver of the right of removal must be clear and unequivocal." *Resolution Trust*, 43 F.3d at 1240. "[T]he right of removal is not lost by actions in the state court short of proceeding to an adjudication on the merits." *Id.* Moreover, "necessary defensive action" in state court does not waive entitlement to otherwise proper removal. *Id.*

**III.**      <u>**Discussion**</u>

     **A.**      **Timeliness**

Plaintiff argues that LHC's removal is untimely because LHC knew or should have known that the amount in controversy exceeds the jurisdictional minimum when Plaintiff provided medical records and interrogatory responses detailing the extent of Plaintiff's injuries in October 2018. (Mot. at 5-6.) Plaintiff avers that a simple internet search would have revealed the nature of required treatment and corresponding costs. (*Id*. at 6.)

Plaintiff ignores replete Ninth Circuit precedent holding that defendants are not charged with inquiry notice when the amount in controversy is not apparent from the face of a pleading or other document. Indeed, the Ninth circuit has "emphasized that a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability . . . Accordingly, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (internal quotations marks and citations omitted). Even the simplest of inquiries is not required. As this Court recently explained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00157-JLS-KES                                        Date: May 02, 2019
Title: Christopher Stiren v. Lowes Home Centers, LLC et al.

in *Garcia v. General Motors LLC*, defendants are not charged with *any* investigation, not even into their own records. 2019 WL 247227, at *4 (C.D. Cal. Jan. 17, 2019). Rather, the thirty-day clock is triggered only when the jurisdictional minimum is apparent from the face of the document. *See Harris*, 425 F.3d at 695 ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."); *Sweet v. United Parcel Service, Inc.*, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) ("[*Harris*] rejected the proposition that a defendant has a duty to investigate—in its own records or otherwise—a basis for removal when the pleading does not disclose one on its face."); *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)); *see also Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). Hence, because Plaintiff's statement of damages is the first document making it facially apparent to LHC that the amount in controversy exceeds $75,000, removal is timely.

### B.     Fraudulent Joinder

The parties do not dispute that Plaintiff is a California citizen or that LHC is a North Carolina citizen. Plaintiff represents that Dover is a California citizen and the store manager at the location where Plaintiff was injured. (Mot. at 2.) Defendant does not dispute that Dover is now the store manager or that he is now a California citizen. (Opp. at 3.) Rather, LHC contends that Dover lived and worked in Ohio until July 2017, well after the date of any event giving rise to this action. (*Id.*) To support this contention, LHC submits a declaration from Dover attesting that he lived and worked in Ohio at the time of Plaintiff's injury and had no managerial oversight or control of the San Clemente store until July 2017. (Dover Decl. ¶¶ 7-11.) Plaintiff submits no evidence to dispute LHC's version of the facts. Therefore, because LHC "submit[s] facts showing that [the] resident defendant had 'no real connection with the controversy'" at all, *Ritchey*, 139 F.3d at 1318 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)), and Plaintiff does not contest this characterization of the facts, the Court finds that there are no "disputed questions of fact" that, if "resolved in the plaintiff's favor," could support

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00157-JLS-KES                      Date: May 02, 2019
Title: Christopher Stiren v. Lowes Home Centers, LLC et al.

any of Plaintiff's claims for liability against Dover. *Nasrawi*, 776 F. Supp. 2d at 1169. Accordingly, Dover is a sham defendant whose citizenship is discounted for purposes of diversity jurisdiction. *See Arias v. Follet Higher Education Corp.*, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019) (finding a defendant fraudulently joined where the plaintiff submitted no evidence tying that defendant to the controversy).

### C. Waiver

Plaintiff contends that LHC waived its right to removal by seeking a postponement of the trial date in state court. (Mot. at 6-7.) Defendant avers, however, that such extension was sought and granted *before* Defendant received Plaintiff' statement of damages and could thereby ascertain removability. (Opp. at 10-11; Backlar Decl. ¶ 7.) Plaintiff does not dispute this timeline of events. Moreover, Plaintiff cites no authority to suggest that a mere scheduling motion rises to a clear and unequivocal manifestation of intent to proceed to adjudication on the merits in state court and thereby abandon entitlement to a federal forum. *See Resolution Trust*, 43 F.3d at 1240. Accordingly, LHC did not waive its right to otherwise proper removal.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion is DENIED.

Initials of Preparer: tg/rrp